UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE NO.:

ACCESS 4 ALL INCORPORATED
and CARLOS CUESTA,

    Plaintiff,

v.

JEFFERSON HOSPITALITY LTD, RLLLP
D/B/A BEST WESTERN DENVER
SOUTHWEST,

    Defendant.
_____/

**COMPLAINT**

Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues, JEFFERSON HOSPITALITY LTD, RLLLP D/B/A BEST WESTERN DENVER SOUTHWEST (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. The is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, who

splits he time between Florida and Colorado, and is otherwise *sui juris*. Plaintiff, CARLOS CUESTA, is a member of the Not for Profit Corporation, ACCESS 4 ALL INCORPORATED.

5.      Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

6.      At all times material, Defendant, JEFFERSON HOSPITALITY LTD, RLLLP D/B/A BEST WESTERN DENVER SOUTHWEST, was and is a Colorado Limited Liability Limited Partnership, organized under the laws of the state of Colorado, with its principal place of business in Lakewood, Colorado.

7.      At all times material, Defendant, JEFFERSON HOSPITALITY LTD, RLLLP D/B/A BEST WESTERN DENVER SOUTHWEST, owned and operated a hotel business and place of public accommodation located at 3440 S Vance Street, Lakewood, Colorado 80227 (hereinafter the "Commercial Property").

8.      Venue is properly located in the District of Colorado because Defendant's Commercial Property is located in Lakewood, Colorado, Defendant regularly conduct business within Lakewood, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Lakewood, Colorado.

## FACTUAL ALLEGATIONS

9.      Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

10.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of the abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people

who are disabled in ways that block them from access and use of Defendant's Commercial Property and the business therein, including the retail shopping store.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12.     Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching using the left side of his body. Plaintiff, CARLOS CUESTA, is also a member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, discussed below.

13.     Defendant, JEFFERSON HOSPITALITY LTD, RLLLP D/B/A BEST WESTERN DENVER SOUTHWEST, owns, operates and oversees the Commercial Property, its general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said Commercial Property located in Lakewood, Colorado, that is the subject of the Action.

14.     The subject Commercial Property is open to the public and is located in Lakewood, Colorado. The individual Plaintiff visits the Commercial Property regularly, to include a visit to the property on or about September 3, 2021 through September 4, 2021 encountering multiple violations of the ADA that directly affected his ability to use and enjoy the property. He plans to return to and often visits the Commercial Property and the business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become accessible.

15.     Plaintiff visited the Commercial Property as a patron/customer, visits the Commercial Property and business within the Commercial Property as a patron/customer. He attended a quarterly meeting for member of the Plaintiffs organization, ACCESS 4 ALL INCORPORATED, as a member. He intends to return to the Commercial Property and business therein in order to avail himself of the goods and services offered to the public at the property. Plaintiff spends much of his time in and near Jefferson County, Colorado, in the same state as the Commercial Property, has regularly frequented the Defendant's Commercial Property and the business located within the Commercial Property for the intended purposes, and intends to return to the property within four (4) months' time of the filing of the Complaint as he regularly conduct business in Colorado involving ACCESS 4 ALL INCORPORATED.

16.     The Plaintiff found the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

17.     The Plaintiff, CARLOS CUESTA, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendant's Commercial Property and business within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS CUESTA, and others similarly situated.

18.     Plaintiff, ACCESS 4 ALL INCORPORATED, is a not-for-profit Florida corporation. Members of the organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities protected from discrimination by the ADA. The purpose of the organization is to represent the interest of its members by assuring

4

places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, ACCESS 4 ALL INCORPORATED, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow him or her to bring suit in his or her own right. Plaintiff, CARLOS CUESTA, has also been discriminated against because of its association with its disabled members and their claims.

19.     Defendant, JEFFERSON HOSPITALITY LTD, RLLLP D/B/A BEST WESTERN DENVER SOUTHWEST, owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns and operates is the Commercial Property business located at 8322 S Valley Highway, Lakewood, Colorado 80112.

20.     Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I and II of the Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are

in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

### COUNT I – ADA VIOLATIONS
### AS TO JEFFERSON HOSPITALITY LTD, RLLLP D/B/A BEST WESTERN DENVER SOUTHWEST

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, JEFFERSON HOSPITALITY LTD, RLLLP D/B/A BEST WESTERN DENVER SOUTHWEST, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

23. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant have ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. Parking

i. Accessible spaces lack compliant aisles, (< 60" wide), impeding Plaintiff from unloading violating the ADAAG and ADAS Section 502.

ii. Accessible spaces lack clear and level aisles, having slopes of (>2%), endangering Plaintiff when unloading and violating the ADAAG and ADAS Section 502.

iii. Plaintiff was unable to find signs posted at insufficient heights of (< 60" AFF) violating ADAAG Section 4.6 and ADAS Section 502.

iv. Plaintiff was prevented from safely exiting his vehicle at Best Western Denver Southwest, which lacks accessible unloading areas or (60" W x 20' L) are on slopes (> 2%) in violation of ADAAG Section 4.6.6 and Section 503 of the 2010 ADAS.

B. <u>Entrance Access and Path of Travel</u>

i. There is no compliant route from transit, sidewalk, and parking areas for Plaintiff to access Best Western Denver Southwest, which violates the requirements in Sections 4.1.2 and 4.3 of the ADAAG and 2010 ADAS Sections 402, 403, 405 and 406.

ii. Accessible routes at Best Western Denver Southwest have cross slopes (>2%) creating hazardous conditions for Plaintiff in violation of ADAAG Section 4.3 and Sections 402 and 403 of the 2010 ADAS.

iii. Ramps at Best Western Denver Southwest lack compliant landings at top and bottom of each run (30" rise max) endangering Plaintiff and violating the ADAAG and ADAS Section 405.

iv. Ramp surface contains an excessive slope/side slope of (> 8.33%) in violation of ADAAG Section 4.8 and Section 405 2010 ADAS.

v. Doors in Best Western Denver Southwest have inadequate maneuvering clearance preventing use by Plaintiff violating Section 4.13 of the ADAAG, Section 404 and Table 404.2.4.2 of the 2010 ADAS.

C. <u>Access to Goods and Services</u>

i. Counters are in excess of 36", preventing Plaintiff from being able to make use of, in violation of Section 7.2 (1) of the ADAAG.

ii. Self-service condiment items are inaccessible to Plaintiff, excessive obstruction > 34" (48" max), violating 2010 ADAS Section 308.

iii. Recreational areas at Best Western Denver Southwest for public use lack required disabled use elements, preventing use by Plaintiff, violating the ADAAG.

iv. Aisles, hallways and corridors at Best Western Denver Southwest have abrupt vertical level changes of (1/4" max), endangering Plaintiff.

D. Public Restrooms

i. Plaintiff cannot access the restroom at Best Western Denver Southwest because the Restroom door has improper hardware, violating Section 4.13.9 of the ADAAG.

ii. Plaintiff unable to use mirror due to bottom-reflecting surface (40" AFF max), violating the ADAAG and 2010 ADAS.

iii. Plaintiff is unable to reach dispenser controls (48" AFF max), which exceed limits in ADAAG and 2010 ADAS Sec. 308.

iv. Toilet flush valve not mounted on wide side, denying access to Plaintiff, violating the ADAAG and 2010 ADAS Sec. 604.

E. Accessible Guestrooms and Suites

i. Security latch on door is > 60" > 48" AFF, which is beyond reach of wheelchair users and is not operable with one hand without grasping, pinching, or twisting, preventing use by Plaintiff, violating the ADAAG and 2010 ADAS.

ii. Maneuvering space on bed(s) sides (36" min), or between two beds, prevents Plaintiff's transfer to either bed violating the ADAAG and 2010 ADAS Section 1008.

iii. Drapery wands, controls on lamps, and/or HVAC units are of inaccessible design (or > 48" AFF) violating the ADAAG and 2010 ADAS Sections 308 and 309.

8

iv. Rods and shelves in closets or wall mounted units lack the clear floor space for Plaintiff to approach (> 48" AFF), violating the ADAAG and 2010 ADAS Section 308.

v. Accessible guestroom bathroom lavatory drain, and hot water pipes, are not insulated or otherwise configured to protect against contact creating a hazardous condition for Plaintiff violating the ADAAG and 2010 ADAS Section 606.

vi. Towel racks or bars placed (48" AFF max) beyond reach of Plaintiff, violating the ADAAG and 2010 ADAS Section 308.

vii. Transfer tub seat (that can be securely attached to the tub) is not available for Plaintiff, violating the ADAAG and 2010 ADAS Section 607.

viii. Adjustable height hand-held shower wand with a 60" long hose is not provided < 48" AFF for Plaintiff, violating the ADAAG and 2010 ADAS Sections 308 and 607.

ix. Plaintiff cannot reserve accessible guestrooms/suites in the same ways and on the same terms that other persons can reserve guestrooms/suites at Best Western Denver Southwest, violating ADA requirements.

x. Accessible guestrooms/suites rates at Best Western Denver Southwest are not the same as rates for guestrooms/suites that are not designated accessible, violating 28 CFR 36.301(c).

## **RELIEF SOUGHT AND THE BASIS**

24. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS CUESTA, from further ingress, use, and equal

enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26. Defendant have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have

a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy the discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant have 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

30.     Pursuant to 42 U.S.C. § 12188, the Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates its business, located within the Commercial Property located in Lakewood, Colorado, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiffs, ACCESS 4 ALL INCORPORATED and CARLOS CUESTA, respectfully requests that the Honorable Court issue (i) a Declaratory Judgment

determining Defendant, at the commencement of the subject lawsuit, was and is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 5, 2021.

        **GARCIA-MENOCAL & PEREZ, P.L.**

        *Attorneys for Plaintiff*
        1600 Broadway, Suite 1600
        Denver, CO  80202
        Telephone:  (720) 996-3500
        Facsimile:   (720) 381-0515
        Primary E-Mail:   ajperez@lawgmp.com
        Secondary E-Mail: dperaza@lawgmp.com
        bvirues@lawgmp.com.

        By:      */s/ Anthony J. Perez*
            ANTHONY J. PEREZ
            Florida Bar No.: 535451
            BEVERLY VIRUES
            Florida Bar No.: 123713